Scott, J.
The defendant in this case does not deny the coverture, seizin and death of the husband, alleged in the petition, but sets up as a bar to the right of dower, resulting, prima facie, from these facts, a special title in himself, derived from a sale for taxes. The plaintiff’s demurrer must be regarded as referring either to the matter of this defense, or to the manner in which it is pleaded.
And, first, as to the matter of the defense, the question arises, whether dower is barred by a valid sale and conveyance of the premises for the non-payment of taxes.
All the proceedings under the statute, for the sale of lands for non-payment of taxes, are in rem, and not in personam. They operate, if at all, upon the land itself, and not merely upon the title of the person in whose name it may have been listed for taxation. The statute which regulates this subject, after prescribing the mode in which the preliminary proceedings shall be conducted, and the sale and deed made by the auditor, declares, in section 39, “ that the deed so made by the auditor, shall vest in the grantee, his or her heirs or assigns, a good and valid title, both in law and equity.” Swan’s Stat. 68. A valid tax title, therefore, extinguishes all previous titles, legal or equitable, inchoate or perfect; and the purchaser takes the premises discharged from all .previous liens and incumbrances whatever. The tax is assessed upon the land itself, and is a paramount lien upon it; and its payment can be enforced only by the sale of the specific property taxed. All persons having any interest in the premises, must, therefore, see to the payment of the taxes at their own peril. In Gwynne v. Niswanger, 20 Ohio Rep. 556, it was said by the court: “ A tax title, from its very nature, has nothing to do with the previous chain of title; does not in any way connect itself with it. It is a breaking up of all previous titles. The party -holding such title, in proving' it, goes no further than his tax deed; the former title can be of no service to him, nor can it prejudice him. *' >:< * *432 It matters not how many different interests may be connected with the title, what may be the particular interest of the party in whose name the property may be listed for taxation; it may be a mere equitable right; if the land be regularly sold for taxes, the property, accompanied with a legal title, goes to the purchaser, no matter how many estates, legal or equitable, may be connected with it.”
It follows, then, from the nature of a tax title, and the terms of the statute, that a valid sale and conveyance of lands, for the non-payment of taxes, will bar even the favored right of dower.
But, secondly, is this special title, which can operate as a defense, only by reason of its special character, sufficiently pleaded to constitute a defense to the action?
This proceeding is under the former system of practice. The defense relied upon is, in substance, a regular and formal conveyance of the premises made to the defendant by the county auditor, in pursuance of a sale for taxes. No state of facts is averred in the pleading which would authorize the county auditor to sell and convey the premises. It is not alleged that a tax was legally assessed upon the premises, that a delinquency occurred in the payment of taxes, or that notice of the sale was given by advertisement, as required by statute. In short, neither the authority of the officer, nor the acts done under it, are shown; and courts will not raise a presumption in behalf of an officer entrusted with the power to sell land for the nonpayment of taxes, to cover any radical defect in his proceedings. Blackwell on Tax Titles 585. We think the defendant’s answer is, therefore, clearly defective, according to the principles of common law, and must be held insufficient, unless the statute makes the auditor’s deed* in case of a sale for taxes, evidence that the law has been complied with. If that be so, the general averments of the answer would be sufficient; for the law would imply from the existence of a deed, made in due form, and by *433 the proper authority, the existence of every preliminary fact necessary to its validity.
It does not appear from the answer, when, or under what law, the defendant acquired his tax title. It may have been under the statute of 1825. And a construction was given to this statute in Lessee of Carlisle v. Longworth, 5 Ohio Rep. 369, where it was held, that a deed from the county auditor, for lands sold for taxes, cannot be received in evidence without transcripts of the various records of the proceedings upon which the sale was founded.
The act of 1825, to which, in this case, the court gave a construction, after specifying the preliminary proceedings which should authorize the .making of a deed, proceeded, in the 9th section, to declare the effect of the deed so made, in the following terms: “ The deed made by the county auditor as hereinbefore specified, shall be received in all courts as prima facie evidence of a good and valid title in the purchaser,” etc. In regard to the effect of this section, the court said: “ The legislature do not say that a deed made by the county auditor shall be received as prima facie evidence of a good and valid title, but, ‘ the deed,’ ‘ as hereinbefore specified.’ In other words, the deed made by the auditor jn pursuance of this act. This is the manifest intention.- Unless made in pursuance of the act, it is made without authority, and void; but if in pursuance of the act, it is (prima facie evidence ’ of title. Before the deed made by the county auditor can be received as evidence, it must be shown that he had authority to make it.”
This decision, and the construction thus given to the statute, have never been overruled. The principal effect of the decision is to cast upon the party setting up a tax title, the burden of proving the regularity of the proceedings preliminary to the making of the deed. Now, as he holds the affirmative upon any issue touching the validity of his title, as it was his duty to inquire into the facts affecting the title before purchasing, and as he has full *434 means of showing the proceedings to have been regular, whenever they were so in fact, we do not think this an unreasonable burden. And we are not, therefore, disposed to overrule the construction thus settled.
Rut, it is probable, from an auditor’s deed which we find among the papers of the case, (and which bears date May 12,1851, and purports to be founded on a sale made on account of the taxes of 1841 and 1842,) that the defendant’s title was acquired under the act of 1840.
So far as the effect of the auditor’s deed is concerned, the terms of this act are quite similar to those of the act of 1825. The act of 1840, “prescribing the duties of county auditors,” (Swan’s Stat. 62,) after specifying the preliminary acts to he done, and how, when, and under what circumstances the deed shall be made by the auditor, thus declares the effect of the deed:
“ Sec. 39. That the deed so made by tbe auditor, shall vest in the grantee, his or her heirs and assigns, a good and valid title, both in 'law and equity; and shall be received in all courts as prima fade evidence of a good and valid title in such grantee, his heirs and assigns.”
Here it is apparent that the deed which is to be “ received in all courts as prima facie evidence of a good and valid title,” is one which “ shall vest in the grantee, his or her heirs or assigns, a good and valid title, both in law and equity.” It could not have been intended to give such effect to a deed made by a county auditor without authority. The language is, “ the deed so made by the auditor, shall vest,” etc. The adverb “ so,” in this connection, can only mean “ as hereinbefore specified,” which was the exact language of the act of 1825. The construction which was given to this latter act in 1832, was known to the legislature of 1840, and it is to be presumed that that body, in using terms of precisely the same import, intended them to receive a similar construction. We hold, therefore, that by the act of 1840, the deed of the county auditor neither vests a good and valid title in the grantee, nor is it prima facie evidence of such valid title, unless it be shown to *435 have been made in pursuance of authority given by law. And as the answer in this case/ does not state facts sufficient to show such authority, the plaintiff's demurrer must be sustained.
As the defendant may desire to amend his answer, the case will be remanded to the district court for further proceedings.
Swan, C. J., and Beinkerhoee, Sutliee and Peck, JJ., concurred.